**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

THELMA LEMPERT, individually and
as Personal Representative of the Estate
of HAROLD LEMPERT, deceased,

  Plaintiff,

    v.

CERTAINTEED CORPORATION et
al.,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N15C-05-221 ASB

Decided: August 30, 2017
Order Published: September 12, 2017

*Upon Defendant CertainTeed's*
*Motion for Summary Judgment*
**GRANTED.**

**<u>ORDER</u>**

Plaintiff's, Thelma Lempert ("Plaintiff"), claims cannot survive summary

judgment.[1] Plaintiff claims that her husband, Harold Lempert ("Mr. Lempert")

contracted asbestos related lung cancer from exposure to Defendant CertainTeed

Corporation's ("Defendant") asbestos-containing plaster, joint compound, and

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

drywall products.  Mr. Lempert installed plaster, drywall, and joint compound from 1952 until 2000.  Mr. Lempert moved bags of plastering material and cleaned up his father's garage starting in 1944, and he continued to work on weekends until 1952. In 1952 Mr. Lempert started apprentice school.  At this time he began using plaster products.  Mr. Lempert went into the United States Army, and he was discharged in 1957.  Once he was discharged, Mr. Lempert resumed his apprenticeship. Mr. Lempert stated that he applied Bestwall plaster, CertainTeed plaster, CertainTeed joint compound, Bestwall joint compound, and CertainTeed drywall.

Defendant first argues that Mr. Lempert did not recall using CertainTeed joint compound until he completed his apprenticeship in 1958.  Defendant presented evidence that CertainTeed transferred all of its gypsum business to Bestwall Gypsum company in 1956, and the only gypsum product it manufactured with asbestos was drywall joint compound, acoustical plaster, and patching plaster.  Defendant claims that CertainTeed did not manufacture or supply any additional joint compound, plaster, or drywall materials after this transfer to Bestwall. Defendant also states that it sold only asbestos-free wall plaster until June 30, 1956. Additionally, Defendant states that it manufactured drywall, or "wall board" under the name Bestwall until June 30, 1956, and Defendant never marketed or sold any drywall under the "CertainTeed" name.  Defendant asserted that only one of the two joint compounds Defendant sold until June 30, 1956 contained asbestos as an ingredient.

2

Defendant maintains that it is entitled to summary judgment because Plaintiff's claims against Defendant fail. First, Defendant argues that because it exited the gypsum manufacturing business in 1956, and Mr. Lempert's testimony shows that he did not work with CertainTeed products until 1958, Mr. Lempert could not have worked with a CertainTeed product. Plaintiff argues that Mr. Lempert, as the only product identification witness, sufficiently identified working with Defendant's asbestos products. First, Plaintiff states that Mr. Lampert testified that he used CertainTeed asbestos containing wall plaster prior to 1956. However, Plaintiff's assertion is not supported by the record Plaintiff provided, nor was the portion of the deposition Plaintiff referred to attached to the Response Motion.[2] Plaintiff also argues that Mr. Lempert identified CertainTeed Gypsum wallboards. Again, this proposition was not supported by the record Plaintiff provided, nor was portion of the deposition Plaintiff cited to attached to the Response.[3] Defendant points to numerous excerpts of Mr. Lempert's testimony. Mr. Lempert stated that he worked with CertainTeed wall boards after he completed his apprenticeship. Mr. Lempert identified working with Defendant CertainTeed's and Bestwall joint compound. He started using this joint compound after he finished his apprenticeship.

---

[2] See Plaintiff's footnotes 22 through 25 referring to "Exhibit B."
[3] See Plaintiff's footnotes 22 through 25 referring to "Exhibit B." It does not appear that Mr. Lempert mentions Defendant CertainTeed as a product in any portion of the testimony that Plaintiff attached as Exhibit A or Exhibit B.

Plaintiff argues that a rational juror could determine that Mr. Lempert worked with Defendant's wallboard and plaster products which exposed him to asbestos.

Plaintiff's claims against Defendant fail because Plaintiff is unable to show that Mr. Lempert was exposed to asbestos from Defendant's products beyond speculation. Defendant offered evidence demonstrating that "the only gypsum-related products that are known by CertainTeed to have been marketed by it and have contained asbestos are drywall joint compounds, Kalite acoustical plaster, and patching plaster." Defendant presented evidence that its drywall joint compound was discontinued on June 30, 1956, and Mr. Lempert recalled using joint compound after his apprenticeship ended, which was in 1958. Thus, a rational juror could not find that Mr. Lempert was exposed to asbestos from Defendant's drywall joint compound. Similarly, Defendant carried acoustical plaster, under the tradename Kalite, and patching plaster which were both discontinued on June 30, 1956. However, the dry powdered wall plasters sold in bags by CertainTeed did not contain asbestos. CertainTeed manufactured plasters with asbestos and without asbestos. Plaintiff did not offer evidence, beyond Mr. Lempert's assumption, that the plaster Mr. Lempert used contained asbestos. Thus, Plaintiff cannot show that Mr. Lempert was exposed to an asbestos product manufactured by Defendant.

For the aforementioned reasons, Defendant CertainTeed's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.